Your Name: Pshatoia LaRose
Address: 3536 Highway 6 S #295
Phone Number: 404.654.2159
Fax Number:
E-mail Address: larose.PN@gmail.com
Pro Se Plaintiff

FILED
JUL 17 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

100
SVK
NP
NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Pshatoia LaRose

Plaintiff,

vs.

Apple INC

Defendant.

Case Number *[leave blank]*

**COMPLAINT**

C 24 04299 SVK

DEMAND FOR JURY TRIAL

Yes ✓ No ☐

**PARTIES**

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

Name: Pshatoia LaRose

Address: 3536 Highway 6 S #295 Sugarland, TX 77478

Telephone: 404.654.2159

C 24 04299

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name: ________________________________________

Address: ________________________________________

Telephone: ________________________________________

Defendant 2:

Name: ________________________________________

Address: ________________________________________

Telephone: ________________________________________

Defendant 3:

Name: ________________________________________

Address: ________________________________________

Telephone: ________________________________________

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

☐ under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] ____________________________________________________________________________.

☑ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

## VENUE

[*The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.*]

4. Venue is appropriate in this Court because:

☐ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☑ at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

[*This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.*]

5. Because this lawsuit arose in Santa Clara County, it should be assigned to the San Jose Division of this Court.

## STATEMENT OF FACTS

[*Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.*]

PLEASE SEE PETITION AND COMPLAINT ATTACHED.

**STATE OF CALIFORNIA** **FEDERAL COURT** **SANTA CLARA COUNTY**

---

**Pshatoia LaRose**
**3536 Highway 6 #295**
**Sugarland, TX 77478**
**Pro Se Litigant**
**LaRose.PN@gmail.com**
**404-654-2159**

**Petitioner**

**V.** **Case No. ____________________**

**Apple Inc**
**C/O CT Corporation System**
**330 N Brand Blvd Suite 700**
**Glendale, CA 91203**

**Respondent**

---

**PETITION AND SUMMONS**

---

COMES NOW, Plaintiff Pshatoia LaRose, and files Petition and Summons against Defendant, Apple Inc with claims of Product Liability, Anti Trust and Defend Trade Secrets Act of 2016.

Plaintiff proceeds with filing Claims for Defendants failure to prevent the acts of cyber phone hacks, damage to electronic data, identity theft, data breach, unauthorized phone tapping, phone interference, selling or giving access to Third Party Companies Data from Plaintiffs Phone, service interruption resulting in personal injury to Plaintiff, monetary loss, and violation of privacy rights, and emotional distress. Plaintiff brings this action as a Product Liability action against Defendant, and asks for damages of $234 million.

In addition, Plaintiff's complaint set forth specific claims for damage due to negligence and product liability. To prove negligence in California, a party must prove the existence of a "legal duty, breach thereof, proximate causation and resulting damage. That is all that is required" Greninger v. Fischer 81 Cal.App.2d 549, 552 (Cal. Ct. App. 1947). For a party to prove negligence from a data breach, an injury-in-fact occurs when sensitive personal information is leaked from an electronic device. Krottner v. Starbucks Corp. 628 F.3d 1139, 1140-43 (9th Cir. 2010). The test for whether an in-jury-fact has occurred during a data breach is whether or not the data taken "gave hackers the means to commit fraud or identity theft." Stevens v. Zappos.Com., Inc.

(In re Zappos.Com, Inc., Customer Data Sec. Breach Litig.), 888 F.3d 1020, 1027-29 (9th Cir. 2018).

In addition, California law provides that "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." Cal. Civ. Code § 1798.82.

California courts have found that "A manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." Soule v. GM Corp., 8 Cal.4th 548, 560 (Cal. 1994). A product is considered to be defective if it "a) contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product; [(b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe; (c)is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor ,or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.' "Brady v. Calsol, Inc. 241 Cal.App.4th 1212, 1218-1219, (Cal. 2015).

Defendant has also violated the Lanham Act, which provides that "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— (A)is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S. C. § 1125(a)(1). Defendant allowed for infringement of Plaintiff's image and personal property through its ineffective protection of her data privacy, and is thus liable under the Lanham Act.

In this case, Plaintiff has suffered damages caused by Defendant's product, and her personal data was breached due to a fault in the electronic data protection system designed by

Defendant for its phones along with AntiTrust Violation of allowing access to Third Parties to retrieve Plaintiffs Data for Business and Personal Use.

For the above reasons, Plaintiff respectfully moves this Court to hold Defendant liable for Plaintiff's damages and award Plaintiff $234 in Compensatory Damages, as well as for any other relief that this Court may deem proper.

Pshatoia LaRose
3536 Highway 6 S #295
Sugarland, TX 77478
404-654-2159
LaRose.PN@gmail.com
222

P LaRose